IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDRES EDUARDO CHACIN ACURERO,

    Petitioner,

v.

DORA CASTRO, in her official capacity as Warden, Otero County Processing Center, MARISA FLORES, in her official capacity as Acting Director El Paso Field Office, U.S. Immigration & Customs Enforcement, Enforcement & Removal Operations; TODD M. LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, in her official capacity as U.S. Attorney General; and DAREN MARGOLIN, in his official capacity as Acting Director of the Executive Office of Immigration Review,

    Respondents.

Case No. 2:26-cv-00565-MIS-JFR

**ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on Petitioner Andres Eduardo Chacin Acurero's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 25, 2026, and Petitioner's Motion for Order to Show Cause ("Motion"), ECF 3, filed February 25, 2026. Petitioner is a 25-year-old citizen of Venezuela who arrived in the United States around September 14, 2021. Pet. ¶ 35. After entering the country near Eagle Pass, Texas, Petitioner was detained by the Department of Homeland Security and then released on his own recognizance in accordance with U.S.C. § 1226(a). Id. ¶¶ 34-36. Petitioner has resided in Florida since his release, has no criminal record and has maintained steady employment with valid employment authorization during his time in the United States. Id. ¶¶ 37-40.

On November 22, 2025, Petitioner was detained by immigration officials while at the airport travelling back to Orlando and later transported to the Otero County Processing Center where he currently remains in custody. Id. ¶ 42. Simultaneous to detaining Petitioner, Respondents served him a notice to appear and charged him with being inadmissible under 8 U.S.C. §1182(a)(6)(A)(i) as someone who entered the United States around September 14, 2021, and "not then admitted or paroled after inspection by an Immigration Officer." Id. ¶ 43. Petitioner argues that Respondents are violating the Immigration and Nationality Act by attempting to apply mandatory detention through to 8 U.S.C. § 1225(b) rather than complying with 8 U.S.C. § 1226(a), which governs the detention of individuals – like Petitioner – who are noncitizens already in the U.S. Id. ¶¶ 47-52.

On February 25, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release him. Id. at 18-19.

The record reflects that the Clerk's Office served Respondents with the Petition on February 25, 2026, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241. Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2.

**IT IS HEREBY ORDERED** that within **ten (10) business days**, the United States Attorney's Office for the District of New Mexico shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted. Respondents are reminded that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here. See Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (ordering a bond hearing); Singh v. Noem, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026) (ordering immediate release); Intriago-Sedgwick v. Noem, No. 1:25-cv-

2

01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026) (same); Order Granting Petition for Writ of Habeas Corpus, Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR (D.N.M. Feb. 2, 2026) (same); see also Order Granting Petition for Writ of Habeas Corpus, Zhao v. Castro, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026) (ordering a bond hearing).  In making these rulings, the Court has joined the overwhelming majority of courts that have considered this issue and concluded that 8 U.S.C. § 1226(a) governs the detention of noncitizens who have been residing in the United States after their entry, rather than the mandatory detention provisions of § 1225(b)(2). See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061 (7th Cir. 2025) (concluding that § 1226(a) applied to noncitizens already present in the country who were not admitted); Barco Mercado v. Francis, __ F. Supp. 3d __, 2025 WL 3295903, at *4 n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in over 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); Ochoa Ochoa v. Noem, No. 25-cv-10865, 2025 WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases).  Any response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings. **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

It is **FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico and/or from removing him from the United States during the pendency of this habeas action.

It is **FINALLY ORDERED** that the Federal Respondents shall forthwith provide a copy of this Order to counsel for Respondent Warden of Otero County Processing Center, Tina M. Gooch, at TMG@SUTINFIRM.COM.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE