**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANDRES EDUARDO CHACIN ACURERO,

     Petitioner,

v.

                                            Case No. 2:26-cv-00565-MIS-JFR

DORA CASTRO, Warden, Otero County Processing Center; MARY DE ANDA-YBARRA, Director of the El Paso Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting U.S. Attorney General,

     Respondents.

**ORDER DENYING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Andres Eduardo Chacin Acurero's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed February 26, 2026. The Federal Respondents ("Respondents") filed a Response on March 10, 2026 ("Response"),[1] ECF No. 9, to which Petitioner filed a Reply on March 20, 2026 ("Reply"), ECF No. 10. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I.    Background

Petitioner is a citizen of Venezuela who entered the United States without inspection or parole near Eagle Pass, Texas on September 14, 2021.  Pet. ¶ 12; Resp. ¶¶ 1-2.  Shortly thereafter, U.S. Border Patrol Agents apprehended Petitioner, determined that he was an inadmissible alien under the Immigration and Nationality Act ("INA"), and detained him.  See Pet. ¶ 36; Resp. ¶ 3.  After Petitioner claimed fear of returning to Venezuela, the Department of Homeland Security ("DHS") issued him a Notice to Appear, placed him in removal proceedings, and released him on his own recognizance.  See Pet. ¶ 36; Resp. ¶ 4-5.  Petitioner moved to Orlando, Florida and is the father to a two-year-old daughter who is a U.S. citizen.  Id. ¶ 37.  According to Respondents, "[t]he presently available records indicate that Petitioner did not report [for his immigration proceedings] as instructed."  Resp. at 6.

On November 22, 2025, U.S. Border Patrol Agents encountered Petitioner at an airport in El Paso, Texas, asked him about his immigration status, and arrested him.  Pet. ¶ 42; Resp. ¶ 7.  Petitioner was transported to the Otero County Processing Center in Chaparral, New Mexico where he has been detained ever since. Pet. ¶ 42; Resp. ¶ 8.  The same day, DHS issued Petitioner a Notice to Appear, placing him in removal proceedings and charging him with being inadmissible under Section 212(a)(6)(A)(i) of the INA as a noncitizen who "entered the United States without being admitted or paroled."  Notice to Appear (Nov. 22, 2025), ECF No. 1-2.  Petitioner has since filed an application for asylum, which remains pending.  Pet. ¶ 41; Resp. ¶ 9.

On December 12, 2025, an Immigration Judge denied Petitioner bond, finding that pursuant to the Board of Immigration Appeals' ("BIA") decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), "the Court lacks jurisdiction to grant a bond."  Pet. ¶ 44; Resp. ¶ 10.

On January 2, 2026, the Immigration Judge held a custody redetermination hearing at Petitioner's request. Resp. ¶ 11. On that date, the Immigration Judge again denied bond because "[t]he Court lacks jurisdiction to grant a bond under Matter of YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025)." Id. The Immigration Judge additionally found, "[i]n the alternative, [Petitioner] has not met his burden of showing that he is not a flight risk." Id.

On February 20, 2026, the Immigration Judge revisited the matter upon Petitioner's request, again denying relief on the following grounds:

> [Petitioner] received a prior bond hearing. Despite the Court's finding that it lacked jurisdiction under Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), the Court also fully evaluated the Respondent's claim on the merits and ruled that [Petitioner] did not meet his burden of showing that he is not a flight risk. [Petitioner] has not shown substantially changed circumstances to justify a second bond hearing.

Order of the Immigration Judge (Feb. 20, 2026), ECF No. 9-1.

On February 25, 2026, Petitioner filed the instant Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1. On February 26, 2026, the Court issued an Order to Show Cause instructing Respondents to answer the Petition and show cause why it should not be granted. ECF No. 6. On March 10, 2026, Respondents filed a Response, ECF No. 9, to which Petitioner filed a Reply, ECF No. 11.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes

3

v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

III.    Discussion

Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a), and his re-detention without notice or individualized assessment as to his dangerousness or flight risk violates the INA and its implementing regulations, and the Fifth Amendment's Due Process Clause. Pet. ¶¶ 46-71.

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(a)(1). Resp. at 5-7. They further argue that Petitioner's due process claim is foreclosed by Supreme Court precedent. Id. at 7-11 (citations omitted). Finally, Respondents argue that even if the Court finds that Petitioner's detention is governed by Section 1226(a), his claim fails because he has received an individualized detention hearing, and the Court lacks authority to review the Immigration Judge's factual determination regarding Petitioner's flight risk. Id. at 13-14.

In his Reply, Petitioner maintains that his detention is governed by Section 1226(a), ECF No. 10 at 4-5, Respondents cannot justify his detention through his pending asylum application, id. at 5-6, and his purported mandatory detention does not comport with due process under Mathews v. Eldridge, 424 U.S. 319 (1976), id. at 6-7. He requests immediate release rather than "another futile bond hearing." Id. at 7. In this regard, he argues that the Immigration Judge's alternative finding that Petitioner poses a flight risk "conflicts with the Government's prior determination that he posed no flight risk and overlooks his U.S. citizen two-year-old daughter,

4

his valid employment authorization, his TPS, and his pending Form I-589." Id. at 8.  He argues

that if the Court orders a bond hearing it should place the burden of proof on the Government. Id.

at 9.

The Court finds that Petitioner's detention is not unlawful.  Initially, for the reasons

explained in this Court's decision in Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL

92873 (D.N.M. Jan. 13, 2026), the Court finds that Petitioner's detention is governed by 8 U.S.C.

§ 1226(a), which provides that the Attorney General may exercise his discretion to either detain or

release a noncitizen on bond or conditional parole.  8 U.S.C. § 1226(a)(1)-(2).  Petitioner does not

dispute that on January 2, 2026, the Immigration Judge held a custody redetermination hearing

and denied Petitioner release on bond on two alternative grounds: (1) "[t]he Court lacks

jurisdiction to grant a bond under Matter of YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025)";

and (2) "[i]n the alternative, [Petitioner] has not met his burden of showing that he is not a flight

risk." Resp. ¶ 11.  The Due Process Clause is satisfied when a noncitizen detained under 8 U.S.C.

§ 1226(a) receives an adequate bond hearing.  See Barry v. Lyons, Case No. 1:26-cv-00504-KWR-

KRS, 2026 WL 926218, at *7 (D.N.M. Apr. 6, 2026) ("[T]he Court finds that a bond hearing

pursuant to § 1226(a) provides Petitioner with the process he is due."); Montero Cordova v. Noem,

Case No. 1:26-cv-00526-KWR-DLM, 2026 WL 867689, at *6 (D.N.M. Mar. 30, 2026) ("The

Court finds that due process affords Petitioner a bond hearing under § 1226(a), and the hearing

need not occur prior to his re-detention.").

To the extent that Petitioner argues that the bond hearing was inadequate because the

Immigration Judge issued his flight-risk ruling on an alternative basis, the Court is not persuaded.

> There is no reason to discount the Immigration Judge's risk-of-flight holding
> because it was handed down on an in-the-alternative basis. In-the-alternative
> holdings are understood as providing, on their own, a sufficient foundation for a

court's ruling.  See Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. Comm'r, 523 F.3d 140, 147 n.5 (3d Cir. 2008) (quoting Woods v. Interstate Realty Co., 337 U.S. 535, 537 (1949)).[2]

Therefore, the Immigration Judge's in-the-alternative holding, that the Petitioner is a risk of flight, supplies an adequate basis for the Immigration Judge's determination that the Petitioner should remain detained.[3]

Chiquito Barzola v. Warden, No. 2:25-cv-17326 (MEF), 2025 WL 3443487, at *2 (D.N.J. Dec. 1, 2025) (footnotes in original); see also Chait v. Blanche, Case No. CIV-26-311-D, 2026 WL 915596, at *8 (W.D. Okla. Apr. 3, 2026), report and recommendation adopted, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026); Kumar v. De Anda-Ybarra, Case No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

To the extent that Petitioner argues that the bond hearing was inadequate because the Immigration Judge's flight-risk finding appears inconsistent with the Government's earlier decision to release Petitioner on his own recognizance pending removal proceedings, the Court finds that the Immigration Judge's flight-risk determination is not subject to judicial review.  8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi v. Terry, 465 F. App'x 784, 786-87 (10th Cir. 2012); Chen v. Dorneker, CASE NO. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).

---

[2]    This is why, for example, an in-the-alternative holding can have a preclusive effect. See, e.g., Anderson v. Comm'r, 698 F.3d 160, 165 (3d Cir. 2012) ("all 'independently sufficient alternative findings should be given preclusive effect' "); 18 Wright & Miller's Federal Practice & Procedure § 4421 & n.27 (3d ed. 2025) (noting that extending issue preclusive effect to each "independently sufficient finding[ ]" is the "view with substantial support in federal decisions").

[3]    That sufficient basis is also a lawful basis, because, as noted, the laws of the United States permit detention following a finding of a flight risk. See, e.g., Skinner, 2014 WL 70066, at *5.

The Court discerns no other basis to find that the January 2, 2026 bond hearing was inadequate.  Petitioner does not argue, for example, that he was deprived of the opportunity to present evidence that he is not a flight risk.  <u>Kumar</u>, 2026 WL 753944, at *2 (finding that the petitioner's argument regarding the adequacy of the bond hearing was "too underdeveloped to warrant habeas relief" because, for example, the petitioner "does not indicate that he was denied the opportunity to present evidence at the bond hearing").

Because Petitioner received due process, and because the Court cannot review the Immigration Judge's bond determination, the Petition for Writ of Habeas Corpus is denied.

**IV.    Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner Andres Eduardo Chacin Acurero's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **DENIED**;

2.    All pending motions are **DENIED AS MOOT**; and

3.    This case is now **CLOSED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE